ABRAM FRENCH & Co. v. C. F. GRIFFIN et al.

*Contract—Partnership.*

A firm made an order on plaintiff for certain merchandise to be delivered at a future day.   The order was an "importation order," which, by custom of merchants, is not subject to countermand.  Before the goods were delivered, the firm was dissolved and notice given the plaintiff, and a member of the dissolved firm, also, wrote countermanding the order; but upon receiving a reply that it was impossible to do so, directed the goods to be shipped, and they were sent and received : *Held,* that all the members of the firm were bound by the contract.

This was an ACTION, tried on appeal from the court of a Justice of the Peace, before his Honor, *Graves, J.,* at Spring Term, 1889, of WAYNE Superior Court, upon the following case agreed :

On the 10th day of March, 1887, the defendants were co-partners under the name and style of C. F. Griffin & Bros, and on that day the plaintiffs, by F. A. Mowbray, their agent, agreed to deliver to the defendant merchandise, at the prices named September 1, 1887, amounting to $146.48, to be paid for in ninety days after date of bill for the same, to-wit, on the 12th day of January, 1888.

That, the order for said merchandise was an importation order, and the custom of the trade on such orders is that they cannot be countermanded, but this custom was then unknown to the defendants; said goods were delivered in good order to the defendant C. F. Griffin on or about the 10th day of October, 1887, and no part of the same has been paid for, nor did the defendants, except C. F. Griffin, know that said order had been made.

That, on the 22d day of March, 1887, the defendant firm dissolved, and on or about the 25th day of March, 1887, notice thereof was made to plaintiffs.

The " order " referred to in the case was in this form:

March 10, 1887.                    Send by Norfolk
Sold by Mowbray.                   Care A. C. Line, R. R.
Terms, 90 days.

IMPORTATION ORDER.

                                   Delivered about Sept. 1st.
C. F. GRIFFIN & BRO.,
                    Wilson, N. C.
523—2 crates, &c., &c.

On June 22, 1887, the partner C. F. Griffin wrote to the plaintiffs, requesting them to countermand the order, to which an answer was returned, under date of June 28th, in which plaintiffs say: " This was an order for importation sent out according to your assortment desired, and assorted entirely different from anything we can use.   It is not cus-

tomary for us to accept countermands for importation orders made, as we are unable to countermand the orders ourselves after once having been placed, and, as is above said, the assortment will not suit our stock "

To this, the defendant C. F. Griffin replied on July 1st:

" It will be all right, send them on; I think I ordered them shipped October 1st. However, that will be early enough."

The goods were accordingly sent out, and this action is to recover the price thereof.

Upon this case the Court gave judgment for the plaintiffs, and the other defendants D. H. and J. R. Griffin appealed.

No counsel for the plaintiffs.

*Mr. C. B. Aycock*, for the defendants.

SMITH, C. J. (after stating the case).  The order was given and the contract entered into some days before the dissolution, and was binding upon all the members of the firm, so that it was unaffected by the notice of the fact given to the plaintiff soon after.  Such notice would protect against further dealings in the name of the firm by any member of it to whom credit was given.  The future delivery was in consummation of the partnership contract, and gave it efficacy as the act of all the members of it, and involving a common responsibility.  This result follows, unless upon countermand, the plaintiffs should have stopped and been content with compensation for damages sustained at that point.  But the countermand given by C. F. Griffin, who continued to act for all in the execution of the common contract upon the plaintiffs' representation of the nature of their undertaking to fill the order, as understood among business men, and the impracticability of their countermanding their orders in getting the assorted articles was withdrawn, and they were directed to proceed in furnishing

.the goods under the defendants' order, as was done on or about the 10th day of October.

Without, therefore, giving undue effect to this special contract, according to the course of trade, upon general principles, its obligation rests upon all the parties who .assumed it, and was not removed or impaired by the dissolution which soon after took place and which prevented the formation of new contracts on behalf of the firm by one or more members of it.

The delivery then completed the contract, and entitled the plaintiff to the price of the goods.

There is no error, and the judgment is affirmed.

Affirmed.